586 S.E.2d 593

**In the Matter of Marshall Usher ROGOL, Respondent.**

**No. 25716.**

Supreme Court of South Carolina.

Submitted Aug. 8, 2003.

Decided Sept. 15, 2003.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for Office of Disciplinary Counsel.

Marshall Usher Rogol, of Darlington, Pro Se.

PER CURIAM:

Respondent and Disciplinary Counsel have entered into an agreement pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to accept an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

### *Facts*

### I. Criminal Defense Matter

Respondent was appointed to represent a criminal defendant. The defendant's grandmother made several calls to respondent regarding her grandson's case. In response to the calls, respondent sent the defendant's grandmother a letter advising her that his retainer fee was not less than $10,000 and asking her to contact his office if she was able to assist in payment of the retainer. Subsequent discussions with the defendant's grandmother were limited to a bond reduction for the defendant.

Respondent concedes his letter was ill advised, but maintains he relied on Rule 602, SCACR, for the proposition that partial payments to appointed attorneys are allowed. Respondent further maintains that he worded the letter so as to convey the message that payment for his representation was not mandatory; however, he admits the message was misconstrued by the recipient. Respondent also admits that he failed to adequately communicate with the defendant's grandmother regarding his appointed role in the representation, his obligations and any obligation defendant's grandmother may have had with regard to payment for his legal services on behalf of her grandson.

### II. Contingency Fee Matter

Respondent was retained, on a contingency fee basis, to represent a client who was struck in the head by an object falling from an overhead display at a local retail store. Respondent did not enter into a written fee agreement with the client.

After meeting with the client, respondent began negotiating with the store's insurance carrier. Respondent eventually received a verbal commitment from the insurance carrier for a settlement amount that respondent thought would be a fair resolution of the client's personal injury action. Respondent represents that the client's husband was informed of the settlement offer and he was to deliver the message to the client. Respondent acknowledges he did not provide the offer to the client by telephone or in writing and he failed to verify that the client actually received the settlement offer. When respondent did not receive any instructions from the client, he took no further action on the case. Respondent admits that he failed to follow-up with the client regarding the settlement offer and that he allowed the applicable statute of limitations to run without taking any steps to protect the client's interests.

## III. Trust Account Matter

Respondent admits that for nearly a year he was not in compliance with the financial recordkeeping requirements of Rule 417, SCACR. Respondent admits he commingled his personal funds with client funds that were held in his trust account. Respondent withdrew funds, which belonged to respondent, from the trust account to pay employee salaries, other firm related expenses and personal expenses.

Respondent advised Disciplinary Counsel that he opened the trust account with $3,000 of his personal funds and that he would periodically add to that "cushion." Respondent represents that he always maintained a balance in the trust account over and above the client funds deposited in the account.

Respondent acknowledges that he was essentially utilizing his trust account as a trust account, operating account and personal account. He further admits that he did not maintain client ledger cards as required by Rule 417, SCACR. However, Disciplinary Counsel found no evidence of misappropriation of client funds. In addition, respondent cooperated fully in the investigation of this matter.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule

407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2(a) (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Rule 1.5(b) (when the lawyer has not regularly represented a client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation); Rule 1.15(a) (a lawyer shall hold client funds in a separate account and complete records of such funds shall be kept by the lawyer); and Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct).

Respondent also acknowledges that his misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate or attempt to violate the Rules of Professional Conduct); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute) and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office taken upon admission to practice law in this state).

### *Conclusion*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.